IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

STEPHANIE MAE BERRY MANN, )
As Natural and Legal Guardian )
and Parent of C.M., a Minor )
Child, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV422-022
 )
HH SAVANNAH, LLC, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Defendant HH Savannah, LLC's Notice of Removal. (Doc. 1.) The Court is concerned the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity between the parties and this Court's jurisdiction.

When it appears that subject matter jurisdiction may be lacking, "a federal court must inquire sua sponte into the issue. . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). Relevant to this case, subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th

Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978)).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)). The Supreme Court has held that "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." Id. at 1021 (citation omitted). To sufficiently allege the citizenship of an unincorporated business entity like a limited partnership, "a party must list the citizenships of . . . all the partners of the limited partnership." Id. at 1022.

On December 10, 2021, Plaintiff filed this negligence action in the State Court of Chatham County, Georgia, against Defendant. (Doc. 1, Attach. 1 at 3-9.) On January 26, 2022, Defendant removed the case to this Court based on diversity jurisdiction. (Doc. 1 at 1, 3-5.) Plaintiff did not file a motion for remand. In in its notice of removal, Defendant alleges that Plaintiff is a citizen of Arkansas. (Doc. 1 at ¶ 13.) In the "factor tree" of Defendant's citizenship, Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017), Defendant also alleges in relevant part that:

2

> Ashford Hospitality Limited Partnership is a Delaware limited partnership, whose general partner is Ashford OP General Partner, LLC and whose limited partners are Ashford OP Limited Partner, LLC **and Holders of Convertible OP Units**. The sole member of Ashford OP General Partner, LLC and Ashford OP Limited Partner, LLC, both Delaware limited liability companies, is Ashford Hospitality Trust, Inc.

(Doc. 1 at ¶ 20 (emphasis added).) Defendant alleges neither who or what the Holders of Convertible OP Units ("Holders") are nor their citizenships. At least one court, apparently evaluating the citizenship of the same limited partnership at issue here, questioned whether the presence of "Holders of Convertible OP Units" suggested "that Ashford Hospitality Limited Partnership has additional equity owners" and thwarted the court's efforts to determine citizenship. Lawrence v. HHC TRS FP Portfolio, LLC, No. 20-cv-4843 (BMC), 2020 WL 6273946, at *2 (E.D.N.Y. Oct. 26, 2020). Accordingly, the Court is not convinced the information in the notice of removal sufficiently establishes complete diversity.

Because the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity, Defendant is **DIRECTED** to file an amended notice of removal within **fourteen (14) days** from the date of this order specifically addressing the Holders' citizenship and demonstrating that this Court has subject matter jurisdiction over this case.[1]

---

[1] The Court will not accept any amended notice of removal that incorporates by reference any factual allegation or argument contained in an earlier filing or that offers only a piecemeal

3

Failure to do so will result in this case being remanded for lack of subject matter jurisdiction. The Court also invites, but does not require, Plaintiff to submit her argument on whether the Court has subject matter jurisdiction.

SO ORDERED this 21ST day of March 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

amendment. Defendant's amended notice of removal should be a stand-alone filing that independently contains all the factual allegations necessary to establish removal is proper.